**Rosalba AQUINO–GARCIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74630.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008 *.

Filed May 22, 2008.

Rosalba Aquino–Garcia, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Anthony P. Nicastro, Esq., Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Rosalba Aquino–Garcia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision pretermitting her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir.2006). We grant the petition for review and remand.

Substantial evidence does not support the agency's determination that Aquino–Garcia's continuous physical presence was broken due to her acceptance of voluntary departure after a border apprehension in 1998, where the agency relied solely on Aquino–Garcia's testimony to make its de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

termination and her testimony does not indicate that Aquino–Garcia was informed of the terms of her departure or that she accepted them voluntarily or knowingly. *See id.* at 619 (holding that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the record shows the alien was informed of the terms of departure and knowingly and voluntarily accepted them).

We therefore grant the petition for review and remand for further proceedings. *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.